IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JULIE M. CHORZEPA,

          Plaintiff,

   v.                                        ORDER

FRANK BISIGNANO,[1]                              25-cv-119-amb
*Commissioner of Social Security*,

          Defendant.

This is an action for judicial review of the Social Security Administration's denial of Julie M. Chorzepa's application for disability benefits. After the court granted the parties' joint motion to remand, Dkt. 12, the court awarded plaintiff's counsel a fee award under the Equal Access to Justice Act (EAJA) totaling $7,700, Dkt. 14.

Chorzepa received a favorable decision from the commissioner on remand. Plaintiff's counsel now moves for a fee award under 42 U.S.C. § 406(b). Dkt. 22. The statute allows a prevailing party to recover a reasonable fee, but the total amount awarded at the district court and the administrative level may not exceed 25 percent of the past benefits awarded. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). Counsel represents, and the government does not dispute, that 25 percent of past benefits awarded is $12,927.03. But counsel requests that the court subtract the $7,700 EAJA award he has already received from that total, and award him the difference, or $5,227.03. Counsel's requested fee falls within the amount allowed by the parties' fee agreement. Dkt. 15-1 at 1. The government takes no position on this request,

---

[1] The court has amended the caption to reflect Frank J. Bisignano's appointment as Commissioner. *See* Fed. R. Civ. P. 25(d).

but asks the court to base its reasonableness determination under the statute on the full amount of fees sought rather than on the net fee awarded after the requested offset.

In assessing a fee for reasonableness, "a district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction." *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024).

The court will award plaintiff's counsel the amount he has requested offset by the EAJA award he already received. His time involved in litigation before this court was 23.7 hours of attorney time. Based on the total award sought, $12,927.03, the effective hourly rate is $545.44 an hour. Neither Chorzepa nor the commissioner has objected to the total award requested, and the request is within the bounds of what is reasonable in light of counsel's experience, risk of non-recovery, the work he performed, the results he obtained, and the amounts awarded in similar cases. So the court will approve a representative fee in the gross amount of $12,927.03. For simplicity, the court will subtract the $7,700 fee that counsel received under the EAJA so that the net amount that should be dispersed to plaintiff's counsel from Chorzepa's past-due benefits is $5,227.03.

ORDER

IT IS ORDERED that:

1. Attorney Dana Duncan's motion for attorney fees under 42 U.S.C. § 406(b), Dkt. 22, is GRANTED.

2. The court approves representative fees under 42 U.S.C. § 406(b) in the gross amount of $12,927.03.

3. Counsel may retain the $7,700 previously awarded in EAJA in partial satisfaction of the § 406(b) award.

4. The net amount of $5,227.03 shall be disbursed by the commissioner from any of Chorzepa's past-due benefits being withheld and in accordance with agency policy.


Entered July 7, 2026

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

3